**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

COACH, INC. and COACH SERVICES, INC.,

        Plaintiffs,      **Case No. 16-cv-10066**

   v.

BEE SALES COMPANY,        **COMPLAINT**
                **JURY DEMANDED**
        Defendant.

_____

  Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, for their Complaint against Defendant Bee Sales Company (hereinafter referred to as "Defendant"), allege as follows:

### Nature of the Action

  1.  This is an action for trademark infringement and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a)); trademark infringement, unfair competition and unjust enrichment under Illinois common law; and unfair competition under the [state statute].

### Jurisdiction and Venue

  2.  Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

1

3.      This Court has personal jurisdiction over the Defendant because it does business and/or resides in the State of Illinois.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because Defendant resides in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

6.      Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

7.      Upon information and belief, Bee Sales Company is or purports to be a domestic corporation with its principal place of business located at 6330 West Touhy Avenue, Niles, Illinois.

8.      Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by its inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendant has a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant failed and/or refused to perform.

## The World Famous Coach Brand and Products

9.      Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear,

jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs, and via an Internet website www.coach.com throughout the United States, including Illinois.

10. Coach has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively, the "Coach Marks").

11. Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks. As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding four and one-half billion dollars ($4,500,000,000).

**The Coach Trademarks**

12. Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |

3

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 0,751,493 | COACH | 14 for leather goods, namely, utility kits, portfolios, key cases, comb cases, pass cases, money clips, billfolds, Wallets, pocket secretaries, stud cases, jewel cases, and leather book covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |

4

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,168,626 | COACH NEW YORK | 18, 25 for briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, vests, shirts, overcoats, raincoats, scarves, ties, shoes and belts. | July 3, 2012 | COACH NEW YORK |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries. | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14 for jewelry. | April 15, 2008 | *Coach est.1941* |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |

5

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 |  |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 |  |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods, metal key fobs, leather key fobs jewelry, watches, umbrellas. | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 |  |
| 4,365,898 | COACH Signature C Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 |  |
| 4,365,899 | COACH OP ART | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 |  |
| 4,105,636 | COACH OP ART | 14, 18, 25 for jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 |  |
| 4,391,741 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for after-shave; body lotions; fragrances; make-up; perfumes; soaps for personal use. | August 27, 2013 |  |
| 4,296,582 | COACH EST. 1941 NEW YORK | 14, 16, 18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 |  |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 |  |
| 4,334,351 | COACH & TAG | 9 for protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 |  |
| 3,685,590 | COACH & TAG | 14 for bracelets; earrings; jewelry; necklaces; rings being jewelry; watches. | September 22, 2009 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 |  |
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 4,744,715 | COACH NEW YORK & DESIGN | 18 for *inter alia* handbags, small leather goods, luggage, umbrellas | May 26, 2015 |  |
| 4,744,718 | COACH NEW YORK & DESIGN | 25 for *inter alia* clothing, coats, belts, gloves, shoes | May 26, 2015 |  |
| 4,744,719 | COACH NEW YORK & DESIGN | 3 for fragrances, leather cleaners and moisturizers | May 26, 2015 |  |
| 4,744,720 | COACH NEW YORK & DESIGN | 9 for sunglasses, eyewear, cell phone cases, tablet covers and cases | May 26, 2015 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,744,721 | COACH NEW YORK & DESIGN | 14 for jewelry and watches | May 26, 2015 |  |
| 4,744,722 | COACH NEW YORK & DESIGN | 20 for *inter alia* key fobs and key rings not of metal | May 26, 2015 |  |
| 5,004,497 | COACH 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, clothing, coats and shoes. | July 19, 2016 | COACH 1941 |
| 5,045,622 | HANGTAG SHAPE DESIGN | 18 for *inter alia* briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, wallets, luggage. | September 20, 2016 |  |

13.     These registrations are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.[1]

14.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

15.     The registration of the marks also provides sufficient notice to Defendant of Coach's ownership and exclusive rights in the Coach Trademarks.

16.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

**<u>Defendant's Acts of Infringement and Unfair Competition</u>**

18.    Upon information and belief, Defendant is engaged in designing, manufacturing, importing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks (hereinafter referred to as the "Infringing Products").  Defendant's specific conduct includes, among other things:

19.    On July 2, 2016, United States Customs and Border Protection ("CBP") seized seven thousand two hundred (7,200) articles that were found by the CBP to infringe upon Coach's trademark(s).

20.    CBP determined that the importer of these counterfeit products was "Bee Sales Co., 6330 W Touhy Ave, Niles, IL 60714."

21.    Below is a depiction of the Coach Signature C Trademark used on authentic Coach products:



22.    Below is a depiction of the infringing design used on the products imported by Defendant:



23.    Upon information and belief, at all times pertinent to this matter, Defendant has advertised and promoted to the public the availability of goods, including counterfeit merchandise, for the purpose of driving consumers to their business.

24.     Upon information and belief, Defendant uses the foregoing advertising to promote, advertise and otherwise solicit customers for purposes of selling, *inter alia*, Infringing Products.

25.     Defendant is well aware of the extraordinary fame and strength of the Coach brand and the Coach Trademarks, and the incalculable goodwill associated therewith.

26.     Defendant has no license, authority, or other permission from Coach to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

27.      Defendant has been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

28.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

29.     Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

30.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendant's activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

31.     Coach repeats and realleges the allegations set forth in paragraphs 1-30.

32.     Defendant, without authorization from Coach, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

33.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's Infringing Products are genuine or authorized products of Coach.

34.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

35.     Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

36.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

37.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

38.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

39.     Coach repeats and realleges the allegations set forth in paragraphs 1-30.

40.     Defendant, without authorization from Coach, has used and is continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

12

41.     The foregoing acts of Defendant is intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

42.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

43.     Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

44.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

45.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

46.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

47.     Coach repeats and realleges the allegations set forth in paragraphs 1-30.

48.     Defendant's promotion, advertising, distribution, importation, sale, and/or offering for sale of the Infringing Products, together with Defendant's use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing

Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendant is in some way affiliated with Coach.

49.     The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

50.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

51.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

52.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (Common Law Trademark Infringement)

53.     Coach repeats and realleges the allegations set forth in paragraphs 1-30.

54.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

55.     Defendant, without authorization from Coach, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks.

56.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

14

57.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

58.     Defendant's acts constitute trademark infringement in violation of the common law of the State of Illinois.

59.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

60.     Upon information and belief, Defendant intends to continue their infringing acts, unless restrained by this Court.

61.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT V**
**(Violation of the Illinois Consumer Fraud and**
**Deceptive Business Practices Act)**

62.     Coach repeats and realleges the allegations set forth in paragraphs 1-30.

63.     The foregoing acts of Defendant constitute unfair competition and deceptive trade practices in or affecting commerce in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*).

64.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

65.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

66.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

67. Pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*), Coach is entitled to have its damages trebled and to an award of reasonable attorney's fees.

## COUNT VI
### (Common Law Unfair Competition)

68. Coach repeats and realleges the allegations set forth in paragraphs 1-30.

69. The foregoing acts of Defendant constitute unfair competition in violation of the common law of the State of Illinois.

70. Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

71. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

72. Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VII
### (Unjust Enrichment)

73. Coach repeats and realleges the allegations set forth in paragraphs 1-30.

74. The acts complained of above constitute unjust enrichment of Defendant at Coach's expense, in violation of the common law of the State of Illinois.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against the Defendant as follows:

A. Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendant has engaged in trademark infringement and unfair competition under the common law of the State of

Illinois; (iii) Defendant has engaged in unfair competition and deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*); and, (iv) Defendant has been unjustly enriched in violation of Illinois common law;

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with it from:

1.      Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or the Coach design elements, or any other mark substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks; or

2.      Engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Coach;

C.      Requiring Defendant to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendant to file with this Court and serve on Coach within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E.       Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.       Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendant to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.       Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

H.       Awarding Coach treble damages under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*), and attorneys' fees under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*);

I.       Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

J.       Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendant; and,

K.       Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  October 26, 2016

                                                  Respectfully submitted,

BRYAN CAVE LLP

By:  /s/    S. Patrick McKey

S. Patrick McKey, ARDC #6201588
Donald A. Cole, ARDC #6299318
Lauren Caisman, ARDC #6312465
161 North Clark Street
Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
*Attorneys for Coach, Inc.*
*and Coach Services, Inc.*